HARRY W. VANDERBACH, PROSECUTOR. v. HUDSON COUNTY BOARD OF TAXATION, RESPONDENT.

Argued January 19, 1944—Decided May 2, 1944.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Maurice C. Brigadier.*

For the respondent, *Eugene T. Sharkey,* Special Assistant Attorney-General.

The opinion of the court was delivered by

PORTER, J. This writ of *certiorari* brings before us for review the action of the Hudson County Board of Taxation, respondent, in suspending and dismissing Harry W. Vanderbach, prosecutor, from the office of secretary to said board. He was duly appointed to the office and occupied it from June 19th, 1942, until suspended on August 5th, 1942. He had tenure during his good behavior and efficiency and may not be removed "for political reasons or for any cause other than incapacity, misconduct, non-residence or disobedience of just rules or regulations established by the County Board of Taxation." *R. S.* 54:3–9.

It appears that on July 23d, 1942, Governor Edison removed from office all of the members of the board then in

office and appointed an entire new tax board. At the same time the Governor sent to the prosecutor written instructions, advising him of the removal of the board and the appointment of a new board and directing him to preserve and keep safe the records and effects of the board "where they now are;" to carry on such routine duties of his office as may be necessary for the functioning of the office of the board until the new board shall take office and then to turn over to it all records and effects. By the Governor's direction these written instructions were personally delivered to the prosecutor by the Secretary of State. Acting upon advice of counsel, the ousted board challenged the authority of the Governor to remove them and refused to surrender the records, seal and effects of the office to the new board. On the day of their ousting and before the members of the newly appointed board had qualified by taking the oaths of office, the ousted board had the records removed from its office and stored in the vaults in the office of the Board of Freeholders in a different part of the Hudson County court house. The members of the new board took their respective oaths of office, met and organized on July 24th, 1942. They immediately attempted to take possession of the offices of the board and were refused admission to the same by county police officers who were on guard and who stated that they were acting under instructions of the county counsel. The police remained on guard, and this condition continued until Mr. Justice Bodine allowed a writ of *mandamus* on August 4th, 1942, directing that the official files, books, records, papers, documents, seal, &c., of the board and the use of the offices be turned over and allowed to the petitioners, the new board. He held that the new board had *prima facie* right to the office and were entitled to possession and that in order to determine the question of the right to hold public office it may only be done in *quo warranto* proceedings. *In re Hudson County Board of Taxation,* 128 *N. J. L.* 574.

The new board obtained possession on August 5th, 1942, and held a meeting on that day at the board office at which time a resolution was adopted suspending the prosecutor. Written charges were later furnished him on which he was

tried, found guilty and dismissed. The hearing on the charges was held December 2d and 4th, 1942. The prosecutor was represented by counsel and introduced testimony in his defense, although he himself refused to answer questions on the ground that he was not obliged to testify on his own behalf in denial or explanation of the charges preferred against him. In taking this position he relies on *R. S.* 2:97–8, contending that if he were found guilty, a forfeiture of his office would result. The charges were eleven in number and in general charged neglect of duty, being absent from a board meeting without permission, evading and concealing himself from members of the board, acting as secretary under instructions of persons without authority, permitting the removal of records of the board from the board's office, the closing of the office to the public, aiding and abetting the exclusion of members of the board from its office, and certifying to the treasurer of the county the performance of services to the board by employees, which were in fact not rendered. On December 10th, 1942, the board rendered its decision and judgment, finding that each of the charges had been fully sustained by the proofs and ordered that the prosecutor be removed from the office of secretary.

The prosecutor contends that the suspension of August 5th, 1942, was of no effect, because the board possessed no statutory authority of suspension; that the members of the board, having suspended him, had thereby prejudged the matter and erred in not disqualifying themselves upon presentation to them of an affidavit of prejudice; that the charges were too general in scope to afford sufficient particulars so as to enable prosecutor to properly prepare a defense; that some of the charges failed to show a cause for removal; that the proofs failed to sustain any of the charges; that he was denied a fair trial; that he was removed from office for political reasons in violation of *R. S.* 54:3–9; and finally that *R. S.* 54:3–10, under which he was removed, is unconstitutional.

It is our conclusion that the members of the board were not disqualified because of prejudice nor that the charges were too general. We think the prosecutor was sufficiently

apprised of the charges. *McCran* v. *Gaul,* 96 *N. J. L.* 165. Nor do we think that he was denied a fair trial or that he was removed for political reasons.

The members of the board were *prima facie* holders of the office, as pointed out by Mr. Justice Bodine in 128 *N. J. L.* 574, *supra;* and we may not in this proceeding determine the legality of their office, as this may only be done by *quo warranto. Murphy* v. *Ellenstein,* 119 *N. J. L.* 159. The constitutionality of the statute *R. S.* 54:3–28, under which Governor Edison removed the old board, as well as the statute *R. S.* 54:3–10, under which the secretary was removed by the board, has been settled by the Court of Errors and Appeals in *McCran* v. *Gaul, supra.* The board's authority to remove is clear, and we conclude that it was lawfully exercised. We think the contention of the prosecutor that the board had no power to suspend him on August 5th, 1942, is sound. Its only power under *R. S.* 54:3–10 was to remove, and that does not authorize suspension; nor has any authority been shown under which it may suspend. *State* v. *Jersey City,* 25 *N. J. L.* 536; *Weinberger* v. *Hilfman,* 8 *N. J. Mis. R.* 32; *Levinson* v. *Mooney,* 128 *N. J. L.* 569.

However, we do not think the case turns on that point because it is clear from the proofs and the proper inferences which might be drawn therefrom that the prosecutor abandoned the office. He cast his lot with the ousted board and participated with the members thereof in challenging the right of the new board to take office. He acted as secretary of the old board at a meeting held after it was ousted. He participated or at least acquiesced in the removal of the records. He evaded and ignored the members of the new board; and by his conduct, after the receipt by him of the written instructions of the Governor which he chose to ignore and violate, he abandoned his office as secretary. From the proofs it seems clear that he did this voluntarily and showed an intention not to act as secretary to the new board whose authority he questioned. That he did so in good faith and doubtless on advice of counsel does not alter the situation nor save him from the consequences of his act. Having abandoned the office it became vacant, and the subsequent action

of the board in suspending and dismissing him became entirely unnecessary. 43 *Corp. Jur.* 649; § 1073; 1 *Dillon on Municipal Corporations* 728, § 420.

For these reasons the writ is dismissed, with costs.